IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FS SOUTHBROOKE, LP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| NATIONWIDE GENERAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, FS Southbrooke, LP, files this Original Complaint and would show:

### PARTIES

1.     Plaintiff, FS Southbrooke, LP, is a limited partnership registered in and doing business as a citizen of Texas and resident of Dallas County, Texas. Each of the partners of FS Southbrooke, LP is a resident and citizen of Texas.

2.     Defendant, Nationwide General Insurance Company, is an Ohio company (incorporated in and principal place of business in Ohio) doing business in Texas. According to the Texas Department of Insurance, Nationwide may be served with process through its registered agent, Corporation Service Company, at 211 E. 7th St., Ste 620, Austin, TX 78701-3218.

### JURISDICTION AND VENUE

3.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Nationwide is a foreign citizen of Ohio. FS Southbrooke is a citizen of Texas. An actual controversy exists which arises from damage to FS Southbrooke's real and personal property. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district. Specifically, Nationwide communicated with FS Southbrooke in, the Policy was signed in, and Nationwide issued partial payment to FS Southbrooke in Dallas County, Texas.

## FACTUAL BACKGROUND

5.      FS Southbrooke and Nationwide entered into an insurance contract identified as ACP BPHG 3008913159 (the "Policy") to insure the real and personal property located at 8201 Highway 271 S, Fort Smith, AR 72908-7963. The Policy was in effect from October 5, 2018 to October 5, 2019.  The Policy provides that Nationwide "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." "Covered Property" is defined in relevant part as, "Building, meaning the building or structure described in the Declarations." The insurer agreed to provide "Replacement Cost Coverage" with a $5,000 deductible.

6.      On or about May 20, 2019, the covered property was damaged by a catastrophic hailstorm. FS Southbrooke promptly reported a claim to Nationwide. Nationwide determined that the Property had been damaged by hail on the date of loss and that damage was covered under the Policy, stating in its October 4, 2019 letter, "we have determined a portion of your Building claim is covered under your policy." However, Nationwide's estimate of the damages was hundreds of thousands of dollars less than the estimate from FS Southbrooke's roofing contractor.

7.      To resolve the dispute, FS Southbrooke demanded that it and Nationwide engage in the optional contractual appraisal process. Nationwide refused, thereby admitting that it was refusing to effectuate a prompt, fair, and equitable settlement of a claim in which its liability had become reasonably clear. To support its untenable position, Nationwide relied upon an engineering

report from Brad Miller at Rimkus. However, the Rimkus report fails to provide material supporting data and shows a deficient investigation used to support a predetermined conclusion.

8.  On February 18, 2021, counsel for FS Southbrooke mailed a Texas Insurance Code 542A compliant demand letter detailing Nationwide's violations of the Texas Insurance Code to the insurer and sent a copy to Steven Ross on behalf of FS Southbrooke. The letter detailed the allegations contained herein and the insufficiency of Nationwide's investigation.

9.  On March 10, 2021, counsel for Nationwide mailed to counsel for Plaintiff a form letter sent in every lawsuit demanding an examination under oath. The Policy requires that the insured submit to an examination under oath when it is "reasonably required." However, Nationwide and its counsel failed and refused to provide any justification as to why an EUO was "reasonably required" after receipt of the Texas Insurance Code demand letter but was not "reasonably required" during the pendency of its inadequate investigation of the loss. Nationwide's untimely request for an EUO is an admission that it failed to perform a reasonable investigation of the loss. FS Southbrooke has not refused to participate in an EUO but agreed to provide one under the Federal Rules of Civil Procedure during the pendency of discovery in this lawsuit.

10. Nationwide continues to refuse to pay the amounts owed under the Policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

11. **Breach of Contract.**  FS Southbrooke incorporates the allegations of paragraphs 5-10 the same as if fully set forth herein. FS Southbrooke and Nationwide entered into an insurance contract identified as the Policy. FS Southbrooke complied with all provisions of the insurance policy, including but not limited to payment of the premiums. Nationwide breached a material provision of

the contract by refusing to pay covered damages owed under the Policy for damage to the Building. FS Southbrooke was damaged by Nationwide's breach.

12. **Violations of the Texas Insurance Code.** FS Southbrooke incorporates the allegations of paragraphs 5-10 the same as if fully set forth herein. Nationwide failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Nationwide:

   a. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   b. Failed to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

   c. Failed within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

   d. Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

13. These Unfair Settlement Practices caused direct damages, including the loss of Policy benefits and independent injuries to FS Southbrooke which would not have been incurred absent Nationwide's actions and omissions. FS Southbrooke is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

14. Further, Nationwide committed violations of Texas Insurance Code chapter 542, running from, at the latest, the date of its incorrect coverage conclusion on October 4, 2019 by:

   a. Failing to, within 15 days (or 30 days for a surplus-lines insurer), request from FS Southbrooke all items, statements, and forms that the insurer reasonably believes would

be required, including information regarding construction of the roofing system and a sworn proof of loss (542.055);

b. Failing to pay amounts due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

c. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

15. Under Texas Insurance Code 542.060, FS Southbrooke is entitled to a 10.5% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542, as well as its attorney's fees and court costs.

## ATTORNEY'S FEES

16. **Attorney's Fees.** As a result of Nationwide's failure to pay the amounts due and owing under the policy, FS Southbrooke retained the undersigned counsel. FS Southbrooke agreed to pay the undersigned counsel a reasonable fee. FS Southbrooke is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

17. **Jury Demand.** FS Southbrooke requests a jury.

## PRAYER

18. FS Southbrooke prays that Nationwide General Insurance Company be cited to appear and answer herein and upon hearing that FS Southbrooke recover judgment against Nationwide for the following:

a. Actual damages;

b. Attorney's fees for services rendered and that are allowed by law;

c. Post-judgment interest and costs;

    d.    Treble damages and exemplary damages as allowed by law;

    e.    Penalties and interest as allowed by law; and

    f.    All other relief to which Plaintiff may show itself entitled in law or in equity.

        Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**